UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SEP 17 2025
FILED

Grand Jury B-24-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:24CR182(AWT)(RMS) |
| v. | VIOLATIONS: |
| KELLDON HINTON<br>HESHIMA HARRIS<br>EMANUEL PAYTON<br>MARVIN OGMAN<br>SHAWN STEPHENS<br>ARNALDO ECHEVARRIA<br>CHERYLE TYSON | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi) and (viii), 841(b)(1)(C), and 846<br>(Conspiracy to Manufacture, Distribute and to Possess with Intent to Distribute Controlled Substances)<br><br>21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C)<br>(Possession with Intent to Distribute Controlled Substances) |

SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Manufacture, Distribute and to Possess with Intent to Distribute Controlled Substances)

1. From in or about June 2023 through in or about September 2024, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants KELLDON HINTON, HESHIMA HARRIS, EMANUEL PAYTON, MARVIN OGMAN, SHAWN STEPHENS, ARNALDO ECHEVARRIA, CHERYLE TYSON, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that defendants KELLDON HINTON, HESHIMA HARRIS, EMANUEL PAYTON, MARVIN OGMAN, SHAWN STEPHENS, ARNALDO ECHEVARRIA, and CHERYLE TYSON, together with others known and unknown to the Grand Jury, would manufacture, distribute and possess with intent to

distribute controlled substances, namely, N, N-diethyl-2-(5-nitro-2-(4-propoxybenzyl)-1 H - benzimidazol-1-yl)ethan-1-amine ("protonitazene"), its isomers, esters, ethers, salts, and salts of isomers, and N, N-diethyl-2-(2-(4-methoxybenzyl)-5-nitro-1 H -benzimidazol-1-yl)ethan-1-amine ("metonitazene"), its isomers, esters, ethers, salts, and salts of isomers, each Schedule I controlled substances; as well as N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), methamphetamine, its salts, isomers, and salts of its isomers, and cocaine, its salts, optical and geometric isomers, and salts of isomers, each Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

Substances and Quantities of Controlled Substances Involved in the Conspiracy

3. The defendants KELLDON HINTON and MARVIN OGMAN knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 400 grams or more of a mixture and substance containing a detectable amount of fentanyl; 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers; a mixture and substance containing a detectable amount of protonitazene, its isomers, esters, ethers, salts, and salts of isomers; a mixture and substance containing a detectable amount of metonitazene, its isomers, esters, ethers, salts, and salts of isomers; and a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(vi), (viii) and 841(b)(1)(C).

4. The defendant EMANUEL PAYTON knew and reasonably should have foreseen from his own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved 400 grams or more of a mixture and substance containing a detectable amount of fentanyl; a mixture and substance containing a detectable amount of

methamphetamine, its salts, isomers, and salts of its isomers; a mixture and substance containing a detectable amount of protonitazene, its isomers, esters, ethers, salts, and salts of isomers; a mixture and substance containing a detectable amount of metonitazene, its isomers, esters, ethers, salts, and salts of isomers; and a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, in violation of Title 21, United States Code, Sections 841(b)(1)(A)(vi) and 841(b)(1)(C).

5. The defendants HESHIMA HARRIS, SHAWN STEPHENS, ARNALDO ECHEVARRIA, and CHERYLE TYSON knew and reasonably should have foreseen from their own conduct and that of other members of the narcotics conspiracy charged in Count One that the conspiracy involved a mixture and substance containing a detectable amount of fentanyl; a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers; a mixture and substance containing a detectable amount of protonitazene, its isomers, esters, ethers, salts, and salts of isomers; and a mixture and substance containing a detectable amount of metonitazene, its isomers, esters, ethers, salts, and salts of isomers, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Possession with Intent to Distribute Controlled Substances)

6. On or about July 31, 2024, in the District of Connecticut, the defendant ARNALDO ECHEVARRIA did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of protonitazene, its isomers, esters, ethers, salts, and salts of isomers, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT THREE
(Possession with Intent to Distribute Controlled Substances)

7. On or about September 5, 2024, in the District of Connecticut, the defendant KELLDON HINTON did knowingly and intentionally possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl; and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, each Schedule II controlled substances; a mixture and substance containing a detectable amount of protonitazene, its isomers, esters, ethers, salts, and salts of isomers; and a mixture and substance containing a detectable amount of metonitazene, its isomers, esters, ethers, salts, and salts of isomers, each Schedule I controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), (viii), and 841(b)(1)(C).

SECTION 851 INFORMATION

8. Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), 841(b)(1)(C), and 851, upon conviction of the offense charged in Count One of this Second Superseding Indictment, the defendant MARVIN OGMAN is subject to enhanced penalties as he has been previously convicted on two prior occasions of both a felony drug offense and a serious drug felony, as defined by Title 21, United States Code, Sections 802(44) and 802(58), and as set forth more specifically in paragraphs 9 and 10 below.

9. On or about December 29, 2005, the defendant MARVIN OGMAN was convicted in the United States District Court for the District of Connecticut, Docket No. 3:04CR60 (JCH), of Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, for which the defendant was sentenced to a term of 95 months of imprisonment and a six-year term of supervised release. On or about May 17,

2011, within 15 years of the commencement of the instant offense, after having served more than 12 months of that sentence, the defendant MARVIN OGMAN was released from this term of imprisonment.

10. In addition, on or about December 29, 2005, the defendant MARVIN OGMAN was convicted in the United States District Court for the District of Connecticut, Docket No. 3:05CR36 (JCH), of Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), for which the defendant was sentenced to a term of 95 months of imprisonment and a five year term of supervised release. On or about May 17, 2011, within 15 years of the commencement of the instant offense, after having served more than 12 months of that sentence, the defendant MARVIN OGMAN was released from this term of imprisonment.

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

11. Upon conviction of one or more of the controlled substances offenses alleged in Counts One through Three of this Second Superseding Indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Second Superseding Indictment, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value,

or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

FOREPERSON

UNITED STATES OF AMERICA

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

LAUREN C. CLARK
ASSISTANT UNITED STATES ATTORNEY

KONSTANTIN LANTSMAN
ASSISTANT UNITED STATES ATTORNEY